IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Foreman Electric Services, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Fluor Daniel Caribbean, Inc., <br><br> Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT

COMES NOW Plaintiff Foreman Electric Services, Inc. ("Plaintiff" or "Foreman Electric"), by and through its undersigned counsel, and for its Complaint against Fluor Daniel Caribbean, Inc. ("Defendant" or "FDCI") states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Foreman Electric is a corporation organized and existing under the laws of Puerto Rico with its principal place of business in the State of Texas.

2. FDCI is a dissolved foreign corporation formally organized and existing under the laws of the State of Delaware and formerly registered in the State of South Carolina.

3. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over FDCI and venue is proper in this Court: upon information and belief, FDCI's principal place of business was in Greenville, South Carolina; all FDCI's agents, employees, and/or representatives responsible for the matters at issue in this

lawsuit were located in Greenville, South Carolina; and the Prime Contract (defined below) to which FDCI is a party provides for disputes to be brought in this Court.

## FACTUAL ALLEGATIONS

5. In the Fall of 2017, the Puerto Rican power grid suffered devastating damage at the hands of two hurricanes.

6. The United State Army Corps of Engineers ("USACE") awarded FDCI approximately $830 million worth of contracts for electric utility repair in Puerto Rico (the "Project").

7. FDCI hired Haliron Power LLC ("Haliron") as a first-tier subcontractor on the Project pursuant to a January 8, 2018 contract (the "Prime Contract").

8. Haliron, in turn, hired Foreman Electric as a second-tier subcontractor on the Project pursuant to a January 11, 2018 contract (the "Subcontract").

9. Under the Subcontract, Haliron agreed to pay Foreman Electric for labor, equipment, and materials furnished for the Project (the "Services").

10. Foreman Electric furnished the Services, which totaled $7,979,670.16.

11. Foreman Electric applied for and demanded payment from Haliron for the Services, but Haliron refused to pay.

12. Upon information and belief, FDCI is still in possession of money paid by USCAE for Foreman Electric's Services.

## COUNT I.
## Constructive Trust

13. Foreman Electric realleges all preceding paragraphs as if fully restated verbatim herein.

14. Upon information and belief, FDCI has been paid hundreds of millions of dollars for the Project, including nearly $8 million of which is attributable to Foreman Electric's Services.

15. This money does not equitably belong to FDCI, but rather, to Foreman Electric.

16. FDCI cannot in good conscience retain or withhold this money from Foreman Electric.

WHEREFORE, Foreman Electric demands a declaration that FDCI holds the following funds as constructive trustee for Foreman Electric:

- Any funds FDCI has received for the Project;
- Any funds FDCI receives for the Project while this litigation is pending;
- Any funds that an insurer becomes obligated to pay for the Project while this litigation is pending; and
- Any other relief this Court deems proper.

## COUNT II.
## Unjust Enrichment

17. Foreman Electric realleges all preceding paragraphs as if fully restated verbatim herein.

18. Foreman Electric conferred a benefit upon FDCI, namely, Services worth $7,979,670.16.

19. FDCI was enriched because it has been paid hundreds of millions of dollars for the Project, $7,979,670.16 of which is directly attributable to Foreman Electric's Services.

20. It would be unjust to allow FDCI to retain this benefit without compensating Foreman Electric for its Services.

WHEREFORE, Foreman Electric demands judgment against FDCI for $7,979,670.16, which is the reasonable value of the Services, and for such other, further and different relief as this Court deems just and proper.

Respectfully submitted this 21st day of April, 2020.

CAMPBELL TEAGUE LLC

*/s/ George Campbell*
George Campbell (Fed. ID #12374)
Beau Brogdon (Fed. ID #12951)
16 W. North St.
Greenville, South Carolina 29601
PH:    (864) 326-4186
george@campbellteague.com
beau@campbellteague.com
Attorneys for Plaintiff
Foreman Electric Services, Inc.